In the Matter of the Estate of ANNIE R. TINKER, Deceased.

KATE D. BERTOLINI, Appellant; EDWARD L. TINKER, Individually and as Administrator, et al., Respondents.

**Decedent's estate — contract — construction of agreement for distribution of estate — date of determination of value.**

Where an agreement for distribution of the estate of a testatrix, entered into between the parties interested in order to prevent a contest of her will, provides that the estate is to be divided equally between two persons named, defines the term " net estate " as what is left after certain deductions are made, clearly contemplates that there shall be an equal division between such persons and indicates that the parties intend that value should be determined as of the date of the death of testatrix, it is not just or equitable that the value of part of the property of the estate should be determined as of the date of the death and that the value of the remainder should be fixed and determined as of a different time. The value of all of the property should be determined as of one date, that of the death of testatrix.

*Matter of Tinker*, 217 App. Div. 255, modified.

(Argued November 15, 1926; decided December 31, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 25, 1926, which unanimously affirmed an order of the Suffolk County Surrogate's Court construing an agreement providing for the settlement and division of the estate of Annie R. Tinker, deceased.

*Frank M. Avery* and *Earl A. Darr* for appellant. The Appellate Division erred in the construction of the Paris agreement. (*Wigand* v. *Bachmann-Bechtel Brewing Co.*, 222 N. Y. 272; *People ex rel. N. Y. Central & Hudson River R. R. Co.* v. *Walsh*, 211 N. Y. 90; 223 N. Y. 313; *Schoellkopf* v. *Coatsworth*, 166 N. Y. 77; *Friedlander* v. *Argentor Holding Corporation*, 214 App. Div. 242; *Russell* v. *Allerton*, 108 N. Y. 288; *Wright* v. *Reusens*, 133 N. Y.

298; *Fleischman* v. *Fergueson,* 223 N. Y. 235; *Grossman* v. *Schenker,* 206 N. Y. 466.)

*Robert P. Griffing* and *William H. P. Oliver* for respondent. The plain language of the agreement supports the construction given by the courts below. (*Cream of Wheat Co.* v. *Crist Co.,* 166 App. Div. 870; *Mecca Realty Co.* v. *Kellogg Toasted Cornflakes Co.,* 160 App. Div. 74; *Herst* v. *De Comeau,* 31 N. Y. Super. Ct. 590; *Lowber* v. *LeRoy,* 4 N. Y. Super. Ct. 202.)

McLAUGHLIN, J. Annie R. Tinker, a resident of Suffolk county, died on February 1, 1924. She left her surviving her mother, Louise Larocque Arnold, and her brother, Edward L. Tinker. She attempted to dispose of all of her property by a holographic will which was signed at Naples, Italy, on June 27, 1918.

In the alleged will she bequeathed all her property, both real and personal, for life to her friend Kate Darling Nelson (who has since married and who was referred to on the argument and is designated in the record and in this opinion as Madame Bertolini), with the provision that upon her death the property was to be donated to a benevolent home for " ladies who have worked for a living." This donation was to be called, according to the will, " The Henry C. Tinker Bequest " and the choice of the home receiving such bequest was to be left entirely to the judgment of Madame Bertolini.

The mother of Annie R. Tinker, Louise Larocque Arnold, and her brother, Edward L. Tinker, were not satisfied with the way in which the property was to be disposed of, or attempted to be disposed of, by the will. After more or less negotiation, in order to prevent a contest, they and Madame Bertolini entered into an agreement called the " Paris agreement," which was dated May 30, 1924. The first paragraph recites that the estate of Annie R. Tinker is to be divided equally between the party of the first part, Madame Bertolini, and Louise

Larocque Arnold; that Madame Bertolini is to make provision for any charity she may designate and provide funds of not less than $150,000 for the same. There is also a provision that the designated administrators of the estate shall pay all taxes assessed against the estate.

Letters of administration, with the will annexed, were issued to the persons designated under the agreement. They entered upon the discharge of their duties as such and the estate has been so far administered that a final distribution and settlement may now be made.

Paragraph 1 of the agreement provides " That the net estate as hereinafter defined of said Annie R. Tinker, deceased, shall be divided equally between the party of the first part and said Louise Larocque Arnold."

Paragraph 4 of the agreement provides that "the term ' net estate ' as used in the agreement shall be interpreted to mean the residue of the estate after the deduction of all inheritance, income and other taxes, whether foreign, federal, state, county or municipal, and after deduction of all assessments and all expenses of administration and after payment of the debts of the estate."

A question has arisen as of what time the value of the property of the estate for the purposes of a division shall be determined, whether as of the date of the death of Annie R. Tinker or as of the time when distribution is made. This question arises from the provisions of paragraph 5 of the agreement and must be answered by the construction put upon that paragraph when construed with the other paragraphs of the agreement. Paragraph 5 reads:

" That in making the division of the estate, the 500 shares of stock of the Tinker Realty Corporation which form a part of the estate of the decedent shall be allocated to the shares of Louise Larocque Arnold in so far as the value of the same shall not exceed the one-half of the net estate; and in case the 500 shares should exceed in value one-half of the net estate, the said Edward L. Tinker

shall have option to purchase such of the shares as may have been allocated to said party of the first part at their agreed or appraised value as hereinafter provided, said option to be exercised within six months after the giving of a written notice by any one of the administrators to said Edward L. Tinker that the estate is ready for distribution; and that any payment to the said party of the first part on account of her one-half interest in the estate shall be made in such manner as to include in her one-half interest the real estate and other property of said decedent at East Setauket, Long Island, in said county of Suffolk, in so far as the value of the same shall not exceed one-half of the net estate, the value of the said real estate and said property as well as the value of the said 500 shares for the purposes of all payments and allocations to be determined as hereinafter provided."

Paragraph 7 provides:

" That in allocating to one or the other of the said Louise Larocque Arnold and said party of the first part, real or personal property in carrying out the terms of paragraph 1 hereof, such real estate or personal property shall be valued by mutual agreement of the said Louise Larocque Arnold and said party of the first part provided that if the said Louise Larocque Arnold and the said party of the first part are unable promptly to agree upon such valuation then each of the said parties shall forthwith appoint one arbitrator whose determination as to the value shall be final if they can agree, and in the event of their disagreement, the said two arbitrators shall forthwith appoint an umpire whose decision shall be final. The expense of such arbitration shall be considered an administration expense and the determination of value shall be as of the date of death."

The surrogate held, and his order has been affirmed by the Appellate Division, as follows:

" Ordered, that the value of 500 shares of stock of Tinker Realty Corporation, the value of the real estate

in East Setauket, Long Island, of which decedent died seized, and the value of other property of the decedent at East Setauket, Long Island, are the only values of assets of this estate to be determined as of the date of the death of decedent."

I am of the opinion that the way the value of the property of this estate is directed to be divided by the surrogate and approved by the Appellate Division is wrong. The so-called "Paris agreement," as above indicated, provides that the estate is to be divided equally between Louise Larocque Arnold and Madame Bertolini. The term "net estate" is defined as what is left of the property after certain deductions are made. The agreement clearly contemplates that there shall be an equal division between such persons.

The value of the stock of the Tinker Realty Corporation and of the property at East Setauket, Long Island, has apparently increased since the date of the death of Annie R. Tinker. For that reason it becomes important to determine whether the value is to be taken as of the date of the death or as of the time when the estate is divided. It does not seem just or equitable to me that the value of a part of the property of the estate should be determined as of the date of the death and that the value of the remainder should be fixed and determined as of a different time. The value of *all* the property should be determined as of one date — the date of the death of Annie R. Tinker. Paragraph 5 of the agreement, when read in connection with paragraph 7, indicates that the parties intended that the value should be determined as of that time. Paragraph 7 provides how the value is to be ascertained in case the parties cannot agree, and the final sentence of such paragraph declares that "the determination of value shall be as of the date of death."

The order of the surrogate and the order of the Appellate Division should, therefore, be modified by directing

that the value of *all* the property of the estate shall be determined as of the date of the death of Annie R. Tinker, and the proceedings remitted to the Surrogate's Court for action in accordance herewith, with costs to respondents.

Hiscock, Ch. J., Cardozo, Pound, Crane, Andrews and Lehman, JJ., concur.

Ordered accordingly.