In the Matter of the Judicial Settlement of the Account of ROBERT J. BIGLEY and JAMES R. LYTTLE, as Executors of JOSEPH A. BIGLEY, Deceased. ROBERT J. BIGLEY and JAMES R. LYTTLE, as Executors, etc., of JOSEPH A. BIGLEY, Deceased, Appellants; CATHERINE BIGLEY, Respondent.— In a proceeding for the judicial settlement of the account of the executors of the last will and testament of Joseph A. Bigley, deceased, decree of the Surrogate's Court of Kings county in so far as it adjudges (a) that Catherine Bigley, surviving spouse of the testator, had a right to elect under section 18 of the Decedent Estate Law, (b) that her election pursuant thereto is valid, (c) that she be allowed $300, pursuant to Surrogate's Court Act, section 200, subdivision 4, and (d) that she, as the surviving spouse of the deceased, be paid the sum of $579.69 as her intestate share of his estate, unanimously affirmed, with costs to the respondent, payable out of the estate. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

In the Matter of Proving the Last Will and Testament of CHRISTIAN CARSTENS, Deceased. Petition of MARTHA BRAUNER, Dated and Verified March 10, 1934. In the Matter of Proving the Last Will and Testament of CHRISTIAN CARSTENS, Deceased. Petition of HARRIET McDERMOTT, Dated and Verified April 20, 1935. MARTHA BRAUNER, Petitioner-Appellant; HARRIET McDERMOTT and KATHERINE SCHWICK, Contestants-Respondents.— Order of the Surrogate's Court of Queens county, denying petitioner's application pursuant to section 19 of the Decedent Estate Law for the enforcement of a compromise agreement and directing the entry of a decree in conformity therewith reversed on the law and the facts, with costs, and motion granted, with ten dollars costs, payable by the respondents out of the compromise sum. The meeting of the minds of the parties is evidenced by the written stipulation, and the proceeding pursuant to section 19 of the Decedent Estate Law was properly based thereon. Such a motion might be denied in a proper exercise of discretion or when equitable considerations are present, but the denial of the surrogate was not in the exercise of discretion but apparently he felt constrained to do so as a matter of law. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.