In the Matter of the Estate of CARMELA CALASCIONE, Deceased. G. WILLIAM CALASCIONE et al., Respondents; ELVIRA DENZER et al., Appellants.—

Kleinfeld, Brennan and Benjamin, JJ., concur; Martuscello, Acting P. J., concurs in the reversal of the decree, but otherwise dissents and votes to remand the proceeding to the Surrogate's Court for proceedings not inconsistent with the following memorandum, in which Latham, J., concurs: The record below is clear that an agreement to compromise was fully stated by the stipulation entered into by the parties herein and placed on the record at the hearing conducted in open court before the Acting Surrogate on March 13, 1968. By this agreement, the parties expressed their desire to settle and dispose of testatrix' entire estate, realty and personalty, in order to avoid protracted litigation concerning the questions of fraud and undue influence raised by appellants in their objections to probate. An agreement to compromise under SCPA 2106 (subd. 4) is addressed to the discretion of the

Surrogate and "if found by the court to be just and reasonable shall be valid and binding upon the interests of persons under disability, persons not in being and all parties to the agreement" (*Matter of Carstens,* 248 App. Div. 820, affd. 272 N. Y. 662; *Matter of Tinker,* 124 Misc. 723, affd. 217 App. Div. 255, mod. 244 N. Y. 51). In accordance therewith, petitioners were entitled to a decree directing the admission of the original will of the testatrix to probate, subject to the conditions of the agreement reached in open court on March 13, 1968, and directing appellants to execute and deliver to petitioners all papers necessary to formalize the agreement, to the end that the entire estate of the testatrix be disposed of in compliance with the agreement. Petitioners, however, submitted a proposed formal written agreement which referred to, and to which was annexed, a proposed "modified will". Moreover, the decree of the Surrogate, *inter alia,* directed appellants to execute this proposed agreement and directed the entry of this "modified will." to probate rather than the original will. To this extent, the decree was, in our opinion, erroneous. In a proceeding under SCPA 2106 there is neither a requirement nor any authority for the admission to probate of a "modified will". Such a will cannot be considered in any manner as the testatrix' last will and testament. Accordingly, we would reverse the decree and remand the proceeding to the Surrogate's Court for the entry of a decree directing the admission of the testatrix's original will to probate, subject to the conditions set forth in the agreement reached in open court on March 13, 1968, and directing appellants to execute and deliver to respondents all papers necessary to formalize that agreement, to the end that the entire estate of testatrix be disposed of in compliance with that agreement.