---

### In re HALE'S ESTATE.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

EXECUTORS—ACCOUNTING ON MOTION OF SURROGATE—LIMITATIONS.
　　Action of the surrogate, under Code Civ. Proc. § 2723, subd. 4 (providing that the surrogate may, in his discretion, make an order requiring an executor to render an intermediate account where 18 months have elapsed since letters were issued, and no special proceeding on a petition for a judicial settlement of the executor's account is pending), is a special proceeding, and therefore subject to the statute of limitations.

Appeal from surrogate's court, New York county.

Proceeding to compel the executrix and executor of Joseph P. Hale, deceased, to file an intermediate account. From an order directing such filing, the executor and executrix appeal. Reversed.

The testator departed this life on the 15th day of October, 1883; and in the same month and year his will was admitted to probate, and letters testamentary were issued. On the 18th day of November, 1895, the surrogate, of his own motion, made an order that a citation issue requiring the executors to file an intermediate account; and on the same day the order and citation were served on the executors, who thereafter appeared and answered, pleading the statute of limitations, and alleging that, prior to the service upon them of the order and citation, the estate had been distributed, and their account settled, by agreement between the parties in interest. Notwithstanding, the surrogate made the order for the intermediate accounting, from which this appeal is taken.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Hugh Porter, for appellants.
James E. Kelly, for respondents.

O'BRIEN, J. The Code of Civil Procedure and the authorities sustain the view that the statute of limitations applies as well to special proceedings as to actions; and, whether we regard the 6-year or the 10-year limitation as applicable, both have run prior to the initiation of this proceeding by the surrogate, and the making of the order appealed from. It is insisted, however, that this is not a special proceeding, but is the exercise of a power granted by the legislature to the surrogate, under section 2723, subd. 4, of the Code, by which he is authorized of his own motion to require executors and administrators to render intermediate accounts when 18 months have elapsed since letters were issued, and no account has been filed; and that the power so conferred is not subject to any time limitation. Undoubtedly, the statute of limitations applies only to actions and special proceedings; and there is seeming authority for the contention that the action of the surrogate in ordering an intermediate accounting is not a special proceeding. In re De Russy's Will (Sup.) 14 N. Y. Supp. 177. There the surrogate directed an intermediate account to be filed, which was complied with; and thereafter the surrogate appointed a referee to examine such account, and from the order appointing the referee an appeal was taken. It was in that case held that the surrogate had no power to appoint a referee; and, though that was the only point involved and decided, the learned judge writing the opinion discussed the question as to whether it was or was not a special proceeding, and favored the view that it was not. We cannot concur in the opinion thus expressed. This, we think, should be regarded as a judicial proceeding, and such, when not an action, is necessarily a special proceeding. In re King, 42 Hun, 607. Besides, there is seemingly a legislative definition to be found in the last two sentences of section 2727 of the Code, where, in speaking of the persons to whom the citation in a voluntary accounting should be directed, it is provided that it "need not be directed to

the petitioner in the special proceeding pending against the executor or administrator." The special proceeding thus referred to is one initiated either by the action of the surrogate, or by a creditor, or by any of the other persons mentioned in section 2727 who are entitled to demand an involuntary account.

We do not think, upon the facts appearing, that the order was improvidently made. The order of the surrogate was made more than 12 years after the will was admitted to probate and letters testamentary issued, and after the estate had been distributed and the account settled by agreement. In re Pruyn, 141 N. Y. 546, 36 N. E. 595, where an executor and executrix and the legatees under the will executed an instrument stating that their accounts were settled "as between themselves and the estate," the court, in holding that the release was a bar to proceedings instituted by the executor before the surrogate to compel the executrix to account, cited with approval the language from its former decision in Re Wagners' Estate, 119 N. Y. 28, 23 N. E. 200, that it is the surrogate's "duty to deny the petition if it should appear that the petitioner is not, on the face of the proceedings, entitled to the order, and he should not permit the executor to be uselessly harassed." If, as here claimed by the executors, the estate has been settled by agreement of the parties, the effect of an order such as has here been made would be "uselessly to harass" the executor and executrix. Nor can we see what advantage is to be gained by so harassing them; for if any party interested in the estate were to initiate any proceeding looking towards an involuntary accounting, it being a special proceeding, the statute of limitations would be a complete answer and bar. This being so, the filing of an account after the time when any of the parties could get any benefit therefrom would be but an idle ceremony, because neither the surrogate nor this court would permit that to be done indirectly which could not be done directly; and, as the statute of limitations would be a bar to any of the parties in interest obtaining an account, it would be equally available as a defense if any of them attempted to make use of or to proceed under an account which, of his own motion, was filed by order of the surrogate. The effect of such an order as was here made would be to subject estates and executors, regardless of time, and after the estate had been adjusted and distributed, to needless expense and trouble.

The order should be reversed, without costs. All concur.