In the Matter of the Estate of SELIG P. VOISLAWSKY, Deceased.

Surrogate's Court, New York County, March 13, 1924.

*Thomas Gilleran*, for the petitioner.

*T. Ludlow Chrystie*, for the executor.

FOLEY, S. The application for the filing of a compulsory account is denied. It is clear from the evidence that a complete disclosure of the condition of the estate was made to the petitioner, Perry H. Voislawsky (now known as Perry H. Voyce) in the year 1911. A written account, accurately setting forth each item of the assets of the estate and the receipts and expenditures of the executor, was delivered to the petitioner and his mother in March, 1911. This account was prepared under the supervision of a reputable attorney and his testimony sustains the executor's version of the transaction. Ample opportunity was afforded the petitioner and Caroline Voislawsky to examine this account. After the lapse of three months in June, 1911, the legatees signed the following statement in writing on the account: " We have carefully gone over the

foregoing account of Antonie P. Voislawsky, as executor, &c., of Selig P. Voislawsky, deceased, and we hereby approve of the same in all its details, hereby expressly waiving any further account prior to the date of said account of March 20, 1911. (Signed) Caroline Voislawsky, Perry H. Voislawsky." Subsequently a complete distribution of the amount due to each legatee under the account was made. It has also been conclusively proved by the oral evidence and the documentary proofs that conveyances of the proportionate interest of the various legatees in the Baum mortgage, one of the assets of the estate, were properly executed and delivered. The remaining assets of the estate were likewise divided and paid over to the parties. The law favors written agreements settling family disputes, particularly in accountings of estates. (*Matter of Wagner*, 119 N. Y. 28; *Matter of Pruyn*, 141 id. 544; *Matter of Losee*, 119 App. Div. 107; *Minehan* v. *Hill*, 144 id. 854; *Matter of Waters*, 183 id. 840; *Matter of Tyrrell*, 115 Misc. 714; affd., 198 App. Div. 1001.) As stated in the opinion in *Matter of Wagner* (*supra*), followed in *Matter of Pruyn*, it is the surrogate's duty in a case like this " to deny the petition, if it should appear that the petitioner is not, on the face of the proceedings, entitled to the order and he should not permit the executor to be uselessly harassed." The writing subscribed by the petitioner here, at a time when he was of full age, constituted an express acquiescence in and approval of the transactions of the executor. The parties thereby waived any objection to the alleged illegality of one of the executor's investments. There is no proof of fraud, undue influence or duress in any of the transactions between the executor and the petitioner. The testimony of the latter was false in several material respects, and it is apparent that his faulty memory of his misrepresentations misled even his own counsel in this matter. The agreement is a bar to this proceeding. (*Matter of Hale*, 6 App. Div. 411.) Submit order denying application accordingly.