In the Matter of the Estate of MARIA BOCCIA, Deceased.

Surrogate's Court, New York County, July 7, 1932.

*Kopp, Markewich & Perlman*, for Charles Guerrieri, as executor, and others.

*O'Connor & Bain*, for the petitioner.

*Abraham M. Fisch*, for Charles Guerrieri.

*Catinella & Catinella*, for the executors (transfer tax proceedings).

*Edward Siegel* and *Joseph Warmflash*, for the petitioners Rosie Randazzo and Carmela Vocci.

FOLEY, S. This is an application to vacate and set aside a decree made August 28, 1925, in a final accounting proceeding judicially settling the account of the executor. Relief is also asked by the petitioners to have set aside general releases executed by them whereby they released the executor individually and as executor of the estate. These releases were specifically recited in the decree judicially settling the account.

The petitioners are three of the daughters of the decedent. Charles Guerrieri, one of the sons, was the executor of the estate. The basis of the application to vacate and to set aside the decree and the releases is a claim of fraud, coercion, duress and other grounds of invalidity. The application is denied. It has been proven conclusively by the evidence that the three petitioners executed the releases with full knowledge of their contents. (*Pragi* v. *Lehigh Coal & Nav. Co.*, 176 App. Div. 265, 268.) They claimed that they were unacquainted with the English language and that they executed the releases in ignorance of the nature and effect of the instruments. Their testimony and their appearance upon the stand completely refuted these contentions. Two of them had been in business for a long series of years. One of them has successfully conducted a fish market in a neighborhood where competition is keen. All three of them gave the appearance on the witness stand of shrewd, clever women. There is sufficient testimony in the record to show that they were fully informed as to the nature of the family settlement and the purpose of their execution of the disputed instruments. The application might well have been denied upon the ground of laches, since they acquiesced in the decree for a period of six years before making the present application. (*Matter of Griffin*, 210 App. Div. 564.)

Voluminous testimony surrounding the execution of the releases was, however, received by the surrogate, and additional evidence was submitted after the granting of an application to reopen the petitioner's case. I find no evidence whatsoever of fraud, coercion, imposition or other ground of illegality in the making of the decree or in the execution of the releases. Nor is there any evidence of bad faith or breach of trust on the part of the executor. (*Geyer* v. *Snyder*, 140 N. Y. 394; *Matter of Voislawsky*, 135 Misc. 877.) The courts have strongly favored the making of compositions in estates, and after the settlement is made, in the absence of proof of bad faith or fraud, they give vigorous support to the agreement of settlement. (*Matter of Crowe*, 139 Misc. 648, and cases therein cited, including *Fisher* v. *Fisher*, 253 N. Y. 260; *Matter of Cook*, 244 id. 63, 69; *Minehan* v. *Hill*, 144 App. Div. 854; *Slater* v. *Slater*, 208 id. 567; affd., 240 N. Y. 557.)

It affirmatively appears that the three petitioners received their share of the estate either in cash, or property or by other valuable consideration. It is furthermore apparent that they were content to rest upon the formal settlement of this estate by the decree of 1925 until a new feud or vendetta broke out in 1931 between the members of this litigious and quarrelsome family.

Tax costs. Submit order on notice denying the application.