In the Matter of the Estate of ELEANOR E. BLODGETT, Deceased.

Surrogate's Court, New York County, May 25, 1939.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Theodore Kiendl, Otis T. Bradley* and *Edwin E. Peterson* of counsel], for the trustee, the Guaranty Trust Company of New York.

*Putney, Twombly & Hall* [*Alphonse Kenison* of counsel], for the objectant.

FOLEY, S.  In this accounting proceeding objections and supplemental objections were filed to the account of the trustees by Stephen W. Blodgett which, in general, attack the legality of an investment made by the trustees in the sum of $15,000 in the form of a mortgage participation authorized by former section 188 of the Banking Law (now section 100-b).  Claim was made that the amount of the mortgage was excessive and beyond the statutory limit of the value of the real property as to the placement of mortgages.  Other grounds of alleged negligence were charged.  It was further contended that the notice of the original investment required under the section of the Banking Law was not given.

The investment was made by the trustees on November 6, 1930. The objectant is the life tenant of the trust created by the will. At the time of the making of the investment he was an infant. He became of age on May 15, 1932.  Under the terms of the will, he at that time became entitled to the payment of the accumulated income.  Correspondence between the life tenant and the corporate trustee is in evidence and clearly shows his familiarity as to his rights under the will.  Just before attaining majority, he requested, in writing, a statement of the investments held within the trust and the items which made up the amount of income due him. He was furnished with information as to the investments of principal and as to the details of such income.  Invitation was given to him in writing to investigate the various items of the account and the freest disclosure made to him of the various investments from the inception of the trust to the date of his majority.  Subsequently, on May 31, 1932, he executed and acknowledged a formal instrument wherein he approved the account and accepted the itemized statement of principal and income of the account " as true and correct."  The instrument also contained a formal and complete release of any liability of the trustees under the will or the trust relating to the acts of the trustees to and including the date of his majority on May 15th, 1932.  The investment of the mortgage participation of $15,000 was accurately described and set forth in the account thus approved by him.

The surrogate holds that the instrument of approval of the account and of release is a bar to any objections attacking the validity of the investment.  No proof whatsoever of any fraud, imposition or misrepresentation has been shown.  On the other hand, the testimony of the life tenant himself establishes his thorough understanding of the transaction and of the nature of the instrument which he signed.  He is bound by its terms.  (*Matter of Stone*, 272 N. Y. 121; *Matter of Schoenewerg*, 277 id. 424, affg. 160 Misc. 819.)  *Matter of Schoenewerg* (*supra*) is directly in point

here. There the finding of Surrogate DELEHANTY that the petitioner was barred by the release he had given was sustained. The " petitioner may not be heard to say that the accounting trustee owed to him as remainderman an affirmative duty to detail an open state of facts as to which he was content to waive inquiry. There can be no legal implication of impropriety in such a business transaction." (Per LOUGHRAN, J., in *Matter of Schoenewerg, supra*.)

The law encourages the making of agreements for the distribution of estates. Thereby the expense and delay of a formal accounting proceeding are avoided. Where the agreement is made fairly, and without coercion. imposition or misrepresentation, it is conclusive upon the party signing it. (*Fisher* v. *Fisher*, 253 N. Y. 260; *Slater* v. *Slater*, 208 App. Div. 567; affd., 240 N. Y. 557; *Minehan* v. *Hill*, 144 App. Div. 854; *Matter of Voislawsky*, 135 Misc. 877; *Matter of Bihn*, 171 id. 80; *Matter of Crowe*, 139 id. 648.)

Counsel for the life tenant concedes that the error in the account as to the collection of the last two semi-annual installments of interest was an innocent one on the part of the trustees. The life beneficiary himself profited by them. In any event these errors did not constitute a misrepresentation or a material suppression of facts which could in any way affect the liability of the trustees in making the original mortgage investment sometime prior to the default in interest. I specifically hold therefore that these errors do not constitute grounds for the setting aside of the release.

All the objections and supplemental objections of the life tenant to the account are accordingly dismissed.

Submit decree on notice settling the account.