ANNIE ISAACS, Appellant, *v.* JOSEPH ISAACS and Another, Respondents.

First Department, February 8, 1924.

Surrogates' Courts — jurisdiction confined by statute to matters affecting estates — action on alleged agreement between plaintiff's assignor and defendants to share equally under will of brother of parties regardless of legacies — finding by Surrogate's Court on accounting of executors that no such agreement was ever made not res judicata.

The jurisdiction of Surrogates' Courts is confined by statute to matters affecting estates of decedents and does not relate to matters independent thereof.

Accordingly, in an action on an alleged agreement whereby plaintiff's assignor and the defendants agreed to share equally any legacies under the will of a deceased brother and to pay over, after the receipt of the legacies, any amount necessary to equalize the amounts received by all the parties, a finding by the Surrogate's Court on an accounting of the executors that no such agreement was ever made and that there was no agreement to assign nor an assignment is not *res judicata* in this action which is brought by the plaintiff to recover from the defendants a sum sufficient to equalize the amounts received by all the parties.

APPEAL by the plaintiff, Annie Isaacs, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of June, 1923, denying her motion to strike out the defense of *res judicata* in the defendants' second amended answer on the ground that it is insufficient in law.

*Thomas & Friedman* [*Avrom M. Jacobs* of counsel], for the appellant.

*Moers & Rosenschein* [*Charles S. Rosenschein* of counsel], for the respondents.

FINCH, J.:

The action is brought to recover a sum claimed under an alleged agreement whereby plaintiff's assignor and the defendants (being

First Department, February, 1924. · [Vol. 208

brothers) agreed to share equally any legacies under the will of a fourth brother who had died, but the contents of whose will were not then known, and to pay over, after receipt, any amount necessary to equalize the amounts received by all the brothers. The plaintiff's assignor received less than the two defendants.

The defense sets forth that the two defendants and one Wronker filed their account as executors of the will of the deceased brother, to which the plaintiff's assignor filed objections, among others alleging the aforesaid agreement to assign and an assignment and demand on the executors for an amount of the estate equal to that here claimed; that a referee was appointed to inquire into the jurisdictional facts, examine the account and objections, and determine all questions arising in connection therewith. After a hearing the referee reported that no agreement was made to participate equally in the estate and that there was no agreement to assign or assignment, to which report exceptions were filed. The report, however, was duly confirmed and the plaintiff's claim dismissed.

The appellant contends that the Surrogate's Court was without jurisdiction to pass upon the question of whether or not there was an agreement to pay over moneys after receipt from the estate, conceding jurisdiction, however, so far as affects the agreement to assign or the assignment.

The principles of law applicable are clear, namely, that the Surrogate's Court derives its jurisdiction from statute, and that such jurisdiction as now defined by statute relates to matters affecting estates of decedents, but not to matters which are independent thereof. (Surrogate's Court Act, § 40; *Matter of Heinze,* 179 App. Div. 453.) Hence, the Surrogate's Court has jurisdiction to determine whether there was an assignment by the brothers of the legacies,. and the finding of the surrogate that there had been no such assignment, in the absence of an appeal, is conclusive. If, however, although there was no attempt to assign the legacies, there was instead an agreement between the brothers that after the amounts had been received from the estate, they then would pay over to one another such amounts as would make the amounts received from the estate equal, such an agreement was without the jurisdiction of the Surrogate's Court and was a question which only the Supreme Court could determine. (*Matter of Heinze, supra.*) It is upon the latter claim that this action is brought. If the proof of the plaintiff upon the trial of this action only establishes an attempt to make an assignment of the legacies which were to be received from the estate, then the complaint would have to be dismissed, as the proof would not sustain the allegations of the complaint. It is clear that an

agreement to assign a legacy not yet paid over by the executors is distinguishable from an agreement to pay over an amount after its receipt from the estate; and hence the defense of *res adjudicata* as to the finding of the Surrogate's Court as to whether there existed an assignment is no defense to the cause of action attempted to be alleged in this complaint.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.