In the Matter of the Estate of MILTON J. HOFFMAN, Deceased.

Surrogate's Court, Erie County, May 26, 1932.

*Wilson & Smith* [*Joseph T. Wilson* of counsel], for Jewett M. Hoffman, individually and as executor, and for Rupert L. Huck and Benjamin Miller.

*Carlton E. Ladd*, for the Bank of Williamsville.

*Franklin G. Hengerer* [*Arthur J. Adler* of counsel], for Augusta S. Montgomery, Russell L. Hoffman and Henry M. Hoffman.

HART, S.   Milton J. Hoffman, late of the village of Williamsville, Erie county, N. Y., died in said village on the 22d day of May, 1928, leaving a last will and testament, bearing date April 26, 1925, which was filed for probate in this court on June 1, 1928.

According to the provisions in said will the decedent gave and bequeathed to his wife, Cora B. Hoffman, one-third of his real estate rents; to his son Henry M. Hoffman, five dollars; to his son Russell L. Hoffman, five dollars, and to his daughter, Augusta Hoffman, now Augusta Montgomery, five dollars, and all of the rest and residue of his estate to his son Jewett M. Hoffman, to be his absolutely, and appointed said Jewett M. Hoffman as executor of the will.

On the return of the citation for probate of said will, objections were filed to the probate thereof by the widow, Cora B. Hoffman, and later the parties entered into an agreement and executed waivers, and said will was admitted to probate.   Said agreement provided, among other things, " that there should be paid to Cora B. Hoffman the sum of thirty-two thousand dollars ($32,000) in the manner following to wit: Thirty Thousand Dollars ($30,000) as soon as funds from said estate are made available either in cash or by assignment of mortgages aggregating said sum of Thirty Thousand Dollars ($30,000), not later however, than September 1st, 1928, such mortgages to be approved as to form and validity by her attorney, the balance of Two Thousand Dollars ($2,000) to be paid in equal annual installments over a period not to exceed five years from date hereof."   The above amount has been paid in full.

*Second.* " To pay to Russell L. Hoffman the sum of Six Thousand Dollars ($6,000), to be paid in equal annual installments over a period not to exceed five years from date hereof."

*Third.* " To pay to Henry M. Hoffman the sum of Six Thousand Dollars ($6,000) to be paid in equal annual installments over a period not to exceed five years from date hereof."

*Fourth.* " To pay to Augusta Montgomery the sum of Six Thousand Dollars ($6,000.00) to be paid in equal installments over a period not to exceed five years from date hereof."

*Fifth.* " To pay to Loretta Denaple the sum of Ten Thousand Dollars ($10,000.00) in addition to the sum of Ten Thousand

Dollars ($10,000.00) due and payable to her by virtue of the will of John Hoffman, deceased, in the manner following, to wit: The sum of Five Thousand Dollars ($5,000.00) as soon as funds are made available, not later, however, than the first day of September, 1928, and the further sum of Five Thousand Dollars ($5,000.00) within two years from date hereof. The balance of Ten Thousand Dollars ($10,000.00) according to the provisions of said will of John Hoffman, deceased."

Said agreement was entered into by the said John Hoffman, individually, and, among other things, provided that said will of Milton J. Hoffman should be probated forthwith in all respects as if no objections had been interposed, and that Jewett M. Hoffman personally pay the amounts above stated, and that said instrument be admitted to probate and established as and for the last will and testament of said testator, valid to pass his real and personal property, and that the provisions of said agreement be embodied in the decree admitting said will to probate.

In said decree it was further ordered and decreed that said Jewett M. Hoffman forthwith deposit with the Bank of Williamsville, in escrow and as trustee for the faithful performance of the compromise agreement of June 16, 1928, and the provisions of this decree as to said Cora B. Hoffman, cash, first mortgages or other securities equivalent to the sum of $30,000; said funds and securities to be held by said Bank of Williamsville until the completion of the payments hereinabove directed made to Cora B. Hoffman, or at the option of said Cora B. Hoffman any mortgage or mortgages so deposited may be turned over to her by said bank in part payment of said sum of $30,000, after being approved as to form and validity by her attorney.

And said decree of probate further provided: " That when said Will of the said Milton J. Hoffman is construed, that the same be construed in conjunction with this agreement."

The present proceeding originated on the petition of Augusta S. Montgomery, alleging, among other things, that there remained unpaid to said petitioner, Augusta S. Montgomery, Henry M. Hoffman and Russell L. Hoffman, on the 16th day of June, 1930, the sum of $3,500, $400 of which was due and payable on that date, and $3,100 to become due and payable in future installments, and that demand had been made of Jewett M. Hoffman for the payment thereof, and that such payment had been refused.

On that proceeding an order was granted directing the said Jewett M. Hoffman, as executor, to render and settle his accounts, which order was affirmed by the Appellate Division.

And on the 24th day of June, 1930, this court granted a further

order restraining the said Jewett M. Hoffman, individually, and/or as executor of the last will and testament of Milton J. Hoffman, deceased, from mortgaging, selling, conveying or in any other manner disposing of any right, title or interest of, in and to any property and estate, real and personal, of which the said Milton J. Hoffman died seized, but that the same be held by him as such executor until the final disposition of the above decree to account, and the further direction of this court.

An appeal was taken from said order, and the Appellate Division dismissed said appeal.

On the 10th day of November, 1930, the said Jewett M. Hoffman filed his account in this court, and said accounting proceedings were later ordered consolidated with the proceedings instituted by Augusta S. Montgomery for the payment of the amount due her pursuant to the terms of said contract.

It appears from the stipulation entered into in this proceeding on the 19th day of May, 1931, that full settlement has been made with Cora B. Hoffman and Loretta Denaple, signatories to said agreement, and that the transfer tax assessed against said estate was paid, and that the Federal estate tax was paid, and that no personal property belonging to said estate then remained in the possession of the said Jewett M. Hoffman as executor; and that no mortgages or conveyances or other transfers have been had of real estate owned by the estate at the corner of Main and Cayuga streets and the corner of Glen avenue and Reist avenue in the village of Williamsville.

And it further appeared on said hearing that the said Jewett M. Hoffman, individually, and Myra M. Hoffman, his wife, executed a bond and mortgage to the Bank of Williamsville in the sum of $35,000, which said mortgage is dated February 5, 1930, recorded in the Erie county clerk's office the same date, in liber 2303 of Mortgages at page 241.

And it was stipulated at a hearing held June 5, 1931, that the sum of $35,000 was secured by said mortgage; that of such amount the said Jewett M. Hoffman received for his own use a sum in excess of $10,500 and not exceeding the sum of $11,500, and that the balance of said moneys was used to pay obligations incurred in the administration of the estate, and to pay creditors of the estate, and the sum of $7,000 to Loretta Denaple, one of the parties to the agreement of June 16, 1928, hereinabove referred to.

I am of the opinion that in accordance with the terms of the agreement entered into between the parties herein on June 16, 1928, in and by which they consented to the probate of the will of said decedent as if no objections had been filed hereto, the title in fee

absolute in the said estate was vested in the said Jewett M. Hoffman, and that as he entered into said agreement in his individual capacity the parties thereto accepted his personal promise to pay. Said agreement made express provisions providing for the payment of the sum secured to the widow, Cora B. Hoffman, but omitted such express provisions for the payment of the sums to be paid to Augusta S. Montgomery, Henry M. Hoffman, Russell L. Hoffman and Loretta Denaple, the final paragraph of the decree probating said will and confirming said agreement reading as follows: " It is further ordered and decreed that the said Jewett M. Hoffman fully and fairly carry out all his obligations as set forth in said compromise agreement bearing date June 16th, 1928."

I am, therefore, of the opinion that the remedy of said parties lies against the said Jewett M. Hoffman, individually, and that they have no further remedy in this court.

A decree may enter accordingly.