# In the Matter of the Estate of Antonio Veniero, Deceased.

Surrogate's Court, New York County, November 18, 1937.

*Joseph J. Cella,* for Peter Veniero, petitioner.

*Anthony Zerilli,* for Pasqualina Veniero, as administratrix, etc., respondent.

Foley, S.   This application to compel the filing of an account by the administratrix is denied.   It appears, without dispute, that in the month of February, 1937, the widow and children of the decedent, who were the distributees of his estate, made an agreement for the formation of a corporation to take over the business left by the decedent and for the complete distribution of the assets to the petitioner and to others of the next of kin.   All of the persons interested in the estate were adults.   The petitioner concedes that at the time of the making of the agreement he executed a general release to the administratrix, a waiver and consent to the settlement of her account when filed and an assignment of all his interest in the estate to his brother.   He asserts no fraud or imposition in the conduct of the parties which led to the making of the agreement or to the execution of the instruments signed by him.

As to one of his demands which involves the issuance to him of a participation to the extent of $5,000 in a mortgage on the property 342 East Eleventh street, New York city, it has been shown that such participation was duly executed and his interest properly recited. The recording of this instrument in the office of the register of New York county is all that is required to evidence his ownership of such participation.

As to the shares of the corporation of A. Veniero, Inc., to which the business of the decedent was transferred under the family agreement, he has invoked the jurisdiction of the Supreme Court in an action to enforce the delivery of the shares to him and has sought other relief arising out of the transaction. This court cannot enforce his claim that he was to be employed at a stipulated salary by the corporation. The agreement of distribution and the release of the administratrix and assignment by the petitioner of his interest in the estate terminated his right to compel an accounting. (*Matter of Wagner*, 119 N. Y. 28; *Matter of Cook*, 244 id. 63; *Matter of Voislawsky*, 135 Misc. 877.) It is the settled law that after an agreement of distribution is made and the next of kin or legatees take over the property of the estate in individual ownership as tenants in common or otherwise, the jurisdiction of the Surrogate's Court is terminated. The administration of the estate has been completed by consent. The responsibility of the executor or administrator ends. Thereafter, if there be dispute between the parties, resort must be had to the Supreme Court under its general jurisdiction in law or in equity. (*Isaacs* v. *Isaacs*, 208 App. Div. 61.) The jurisdiction of the Surrogate's Court is confined " to matters affecting estates of decedents, but not to matters that are independent thereof." (Per Finch, J., *Isaacs* v. *Isaacs, supra,* at p. 62.)

In a proper case this court has power to compel the fiduciary to account, or to pay money, or make delivery of property involved in an agreement of distribution where the release or assignment has been given to the fiduciary on the promise to make payment or to deliver property in kind or where fraud or imposition against the beneficiary is shown. That situation, however, is not here. Where all the beneficiaries of an estate are adults and consent to the transfer of any or all of the assets of the estate to a corporation with provision for a distribution of shares of stock to represent their respective interests, the Surrogate's Court is without jurisdiction to interfere with or regulate the affairs of the corporation.

The petitioner, by his conduct in executing the release and assignment pursuant to the agreement, has ended the power of this court to assist him.

His application to compel an accounting is, therefore, denied without prejudice to the enforcement of his rights in an appropriate forum.

Submit order on notice denying the application accordingly.