In the Matter of the Accounting of HYMAN DEITZ, as Administrator of the Estate of JOSEPH DEITZ, Deceased.

Surrogate's Court, Kings County, December 8, 1949.

*Aaron Dachowitz* for administrator, petitioner.

*George Mutterperl* for Arthur S. Hirsch, receiver in supplementary proceedings of the real and personal property of Samuel Deitz, objectant, respondent.

*Edward J. McDonald,* special guardian for Bertha Deitz, an incompetent, respondent.

*Frederick W. McGowan* for National Surety Corporation, respondent.

McGAREY, S. The receiver in supplementary proceedings of a distributee brother of the decedent seeks, in this final accounting by the administrator of decedent's estate, to set aside a purported assignment by said distributee to his brother, the administrator herein, in his individual capacity. This court has full power to determine the validity of such assignment (*Matter of Ewald,* 174 Misc. 939; *Matter of Sherower,* 171 Misc. 295).

The decedent died June 22, 1947, and letters of administration were issued upon his estate on July 22, 1947. The purported assignment was made by an undated instrument acknowledged on December 24, 1947, recorded on December 30, 1947.

The assignor was indebted to his wife under a judgment docketed in the Kings County Clerk's Office on July 2, 1936, in the sum of $15,600, upon which there was due the sum of

$15,300, when the administrator was served with a third-party order in supplementary proceedings on March 4, 1948. A receiver of the assignor was appointed March 14, 1949, and qualified on March 28, 1949.

An antecedent indebtedness is claimed to be the consideration for the execution of the assignment. Upon the supplementary proceeding examination, the assignee testified such indebtedness to be considerably greater than that to which he testified to herein. Partial proof of the lesser sum was offered herein in the form of three uncashed checks, made payable to the assignee by a corporation, of which the assignor was an officer and signed by him in such capacity. Those checks long antedated the assignor's bankruptcy adjudication in 1937, the schedules of which did not list the assignee as a creditor. Such schedules did, however, list the decedent herein as a creditor for a small sum of money. Upon all the proof the court holds such checks to be evidence of a corporate and not personal indebtedness of the assignor.

The assignee's testimony with respect to an alleged loan to the assignor prior to his departure for California and to the advancement of expense money to come to New York, is most unsatisfactory and unconvincing, and, in the light of all his testimony, incredible. The court, therefore, finds that there was no consideration for the assignment, and that when made the assignor was indebted to his wife, hence the receiver has established a prima facie case entitling him to have the assignment set aside as fraudulent (*Sabatino* v. *Cannizzaro*, 243 App. Div. 20, 22). The relationship of the assignor and assignee, the assignee's admitted knowledge of the assignor's marital troubles and the wife's judgment establish that the assignee knowingly participated in the attempt to defraud the assignor's creditors. (*Berlenbach* v. *Bischoff*, 137 Misc. 719, affd. 231 App. Div. 734.) The court, therefore, holds that the assignment is invalid. The distributive share of the personalty will be paid to the receiver to be applied toward satisfaction of the judgment. (*Matter of Wilson*, 298 N. Y. 398, 405.)

Simultaneously with the execution of the assignment, the assignor also executed and caused to be delivered to the administrator in his individual capacity a deed conveying his interest in the estate realty. No separate consideration, other than the alleged antecedent indebtedness heretofore mentioned, passed between the parties. The grantor is a nonresident of this State and apparently has been such since 1939. No proof has

been adduced that the assignor grantor possesses any other property in this State. Resident judgment creditors are not required to pursue nonresident debtors into the State of their domicile. Insofar as this judgment creditor is concerned, the only assets possessed by the grantor is his distributive share in this estate and the interest in the estate's realty. The grantor having, therefore, conveyed all his property within this State without consideration, the inference of fraud naturally and necessarily follows (Real Property Law, § 265; *Hegstad* v. *Wysiecki*, 178 App. Div. 733, 736).

The factual situation with respect to the execution of the quitclaim deed by the grantor of his interest in the estate realty to the administrator is identical in nature with that surrounding the assignment. This being an accounting proceeding and the administrator having accounted for the rents of the realty, justice and a full, equitable and complete disposition of the issues (*Matter of Poth*, 155 Misc. 116, 125) require a determination that the said deed be declared a nullity, thus eliminating the necessity of referring the judgment creditor to another forum. The grantor's interest in the realty did not vest until more than ten years after the docketing of the judgment against him by his wife, therefore, her judgment never did become a lien upon the property (Civ. Prac. Act, § 510). The lien of the judgment is also the measuring period of the right to possession of the realty by a receiver in supplementary proceedings, hence the receiver herein acquired no such right upon his qualification (*Chadeayne* v. *Gwyer*, 83 App. Div. 403). The life of a judgment, however, is twenty years (Civ. Prac. Act, § 44; *Holland* v. *Grote*, 193 N. Y. 262, 268) and the realty is still subject to levy and sale (Civ. Prac. Act, § 512). The court, therefore, holds that the conveyance by the grantor to the administrator individually was in fraud of creditors and is a nullity.

The personal claim of the administrator set forth under schedule D of the account has been proved and is allowed. The administrator has heretofore reimbursed himself in the sum of $159.41 for the items listed under schedule C-1 of the account, and as such expenditures have been proved they too are allowed.

Proceed accordingly.