In the Matter of the Accounting of ETHEL M. DUNN, as Executrix of CLARA A. SWIFT, Deceased.

Surrogate's Court, Monroe County, May 28, 1951.

*John Francis Noonan* for executrix, petitioner.

*Charles J. O'Brien* and *Donald F. Potter* for Margaret E. Dingman and others, respondents.

WITMER, S.   After testatrix' death, on September 6, 1948, but on the same day, her four children, constituting all of her distributees, entered into a written agreement to refrain from contesting her will dated May 30, 1947, in which Ethel M. Dunn was named as sole beneficiary, and in consideration thereof it was purportedly agreed that all of testatrix' property after payment of debts and funeral expenses would be divided equally between the four children, and that said Ethel M. Dunn, the nominated executrix, would make no charge for her services as such executrix.   The will was admitted to probate.   The above-mentioned agreement was filed herein during the probate proceedings, and in this judicial settlement proceeding respondents claim that each is entitled to a one-fourth interest in the estate.   The executrix has moved to dismiss the claims upon the ground that they are based upon a contract made after testatrix' death between the four children, which contract constitutes an *inter vivos* transaction over which this court has no jurisdiction.

It is true that years ago this court had no jurisdiction in matters of this sort. (*Matter of Randall,* 152 N. Y. 508.) However, the law in this respect was changed in 1910 and subsequently, and it has long since been held that a Surrogate's Court has jurisdiction to determine the validity and legal effect of *inter vivos* agreements affecting the distribution of estates. (*Hull* v. *Hull,* 225 N. Y. 342, 351 *et seq.; Matter of Tinker,* 124 Misc. 723, affd. 217 App. Div. 255, mod. 244 N. Y. 51; *Matter of Cook,* 244 N. Y. 63; *Matter of Durban,* 177 App. Div. 898; *Matter of Frame,* 128 Misc. 788; *Matter of Deitz,* 196 Misc. 893; *Matter of Lonas,* 197 Misc. 678, 681; Surrogate's Ct. Act, § 40; 1 Warren's Heaton on Surrogates' Courts, § 36, subd. 5, par. [i], [1].) The case of *Isaacs* v. *Isaacs* (208 App. Div. 61) is distinguishable upon the facts, the agreement there having been construed to affect the claims of beneficiaries *after* they received their legacies.

The motion to dismiss the claims for lack of jurisdiction is therefore denied.

Submit order accordingly.