W. Newcomb Calter, S.
On December 18, 1935, letters of administration were issued to the respondent herein, upon the petition of both the petitioner herein and herself. No accounting has been filed with the court, and the petitioner now requests that the administratrix be compelled to account.
The answer filed on behalf of the administratrix, alleges that on February 27, 1936, there was an informal settlement of the estate between the parties hereto, as a result of which the petitioner herein conveyed to the respondent herein, all his right, title and interest in and to certain real property, which, according to both the petition for letters of administration and the schedule filed in the tax proceeding, was the only asset of the estate.
A reply has been filed on behalf of the petitioner, which denies that there was an informal settlement between the parties hereto, admits that the petitioner executed a deed to the real property, but alleges that he did not understand the purpose thereof.
No proof has been offered by either party as to any of the questions raised by the pleadings.
If there were a valid informal accounting, it would be as effective as a decree upon a judicial settlement of the estate. (Matter of Janies, 173 Misc. 1042, affd. 262 App. Div. 703, affd. 287 N. Y. 645; Matter of O’Malley, 206 Misc. 687.) It is undisputed that the petitioner conveyed to the respondent all his interest in the only asset of the estate. Upon the pleadings and the oral argument herein, I conclude that the administratrix repudiated her trust as such administratrix, to the knowledge of the petitioner herein, on February 27, 1936, and that the lCLyear Statute of Limitations is now a bar to this proceeding to compel an accounting. (Matter of Mathewson, 264 App. Div. 939.) The petition herein is, therefore, dismissed.
Submit order accordingly.