Orrin G. Judd, S.
This is a motion to confirm a Referee’s report dated May 29, 1964 which recommends the granting of the petition filed by the Industrial Commissioner of the State of New York, as an alleged creditor of the estate, to compel respondent to render and settle his account as executor. The lapse of time between the order of reference dated April 1, 1960 and the filing of the report occurred because the hearing was kept in abeyance pending the outcome of a claim by respondent’s wife for unemployment insurance benefits, which had some bearing upon this matter as hereinafter indicated.
The issue in the ease concerns petitioner’s right to charge the estate with unemployment insurance taxes on decedent’s business, for a period beginning almost 15 years after his death. Decedent died on August 28, 1942. Letters testamentary were issued on September 17,1942 to a daughter and a son, an attorney, respondent herein. Estate tax of $63.17 was paid pursuant to order dated May 4, 1943. Under decedent’s will his wife received a life interest in the residuary estate and his three children the trust remainder. The wife died in 1944, and the trust thereupon terminated. The principal asset of the estate was a leather business which decedent had conducted since 1918 and which was continued by respondent until it was liquidated *795 on May 11, 1959. It is conceded that there are no estate assets at this time.
Decedent’s will authorized the executors and trustees to retain estate property in the same form of investment as found at the time of his death, and respondent as executor necessarily took over the business in that capacity. How long he conducted the business as executor and when, if at all, his capacity was changed to that of a partner with his sisters, was a question presented and passed upon by the Referee in relation to the period commencing January 1, 1957 during which petitioner’s tax claims accrued pursuant to article 18 of the Labor Law. Respondent maintains that the estate was distributed informally long before 1957 and that the business thereafter was owned by the three children of decedent as a partnership and conducted by him on their behalf. Petitioner asserts that the business was owned by the estate until it was terminated in 1959 and that his “ administration expense claims ” entitle him as an estate creditor to a compulsory accounting.
The same question, although not directly in issue, arose in connection with the claim of respondent’s wife for unemployment insurance benefits mentioned above. For a period of time until the business was liquidated, she was employed therein as a bookkeeper, but her salary was not drawn because of poor business conditions. This was responsible also for respondent’s delinquency in filing payroll returns with petitioner as required by law. Following an audit by petitioner’s payroll examiner in 1958, his claims for taxes were submitted to respondent on August 27, 1958 which respondent acknowledged as executor by signing .a handwritten paper prepared by said examiner at the place of business. Upon respondent’s failure to pay the claims, the petition for a compulsory accounting was filed on March 5, 1959. A second audit was made by another payroll examiner in 1959 after the business was liquidated, resulting in a further assessment increasing the total of petitioner’s claims to the sum of $305.72, covering all but one quarterly period between January 1,1957 and September 30, 1959.
The record indicates that when said audits were made there was some discussion between the examiners and respondent as to the right of his wife to unemployment insurance benefits. Such right depended upon the entity of the employer — whether the business was conducted by respondent as executor, or sole proprietor, or partner. Conflicting views were given by the examiners, each finding some basis in the circumstances disclosed. Because of a misunderstanding, respondent’s wife failed to file her claim in time, for which technical reason her claim *796 was denied after prolonged litigation (Matter of Connolly [Catherwood], 15 A D 2d 694, mot. for lv. to app. den. 11 N Y 2d 646). This ended the hope of respondent and his wife to set off her claim for benefits against petitioner’s claim herein. That decision did not constitute a binding determination of the identity of the business ownership, because of both the limited ground on which it was made and the difference of parties.
In this proceeding the issue as presented is petitioner’s status. If he is a creditor of the estate as alleged in the petition, he is entitled to an accounting; if he is a creditor of the business conducted as a partnership as alleged by respondent, he is not so entitled. The Referee reported in favor of petitioner. He found that there was no break in the continuity of the business from the date of decedent’s death in 1942 to its termination in 1959; that the same was conducted in the name of the estate through respondent as executor and not as a partnership; and that petitioner is a creditor of the estate and entitled to an accounting. His findings were based upon the testimony of the payroll examiners, employees of two utility companies, and documentary evidence including the decisions of the Referee and the Appeal Board of the State Industrial Commission, affirmed by the Appellate Division. Respondent produced no testimony, but relied strongly on the partnership form of the income tax returns for the business beginning 1955.
There is no disputing the fact of the continuity of the business, but the court is inclined to the view that at sometime prior to the origin of petitioner’s claim the business became the property of decedent’s children as partners and was conducted as such until its termination. The trust remainder, including the business asset, was vested in them and came into their right of possession and ownership upon the death of their mother in 1944. It is difficult to imagine that, after payment of estate tax in 1943 and presumably all other debts of the estate, the residuary legatees including respondent would actually continue the business as an estate asset, instead of agreeing upon a distribution when they became entitled thereto in 1944. If the latter in fact was the case, this court has no jurisdiction to entertain the petition. “It is the settled law that after an agreement of distribution is made and the next of kin or legatees take over the property of the estate in individual ownership as tenants in common or otherwise, the jurisdiction of the Surrogate’s Court is terminated. The administration of the estate has been completed by consent. The responsibility of the executor or administrator ends ” (Matter of Veniero, 165 Misc. 293, 294; Isaacs v. Isaacs, 208 App. Div. 61). Although the cited cases deal with *797 disputes between estate beneficiaries, the rule is applicable also where alleged estate creditors are involved (Matter of Wolf, infra). The record here may be inconclusive as a basis for a determination as to the identity of the ownership of the business at an earlier date, but the fact that beginning in 1955 respondent filed income tax returns for the business as a partnership supports his contention. However, the court does not reach or find it necessary to determine that issue.
As stated at the outset, decedent’s will authorized retention of estate assets in the same form of investment as at time of his death. This, however, did not constitute authority for the executors to continue decedent’s business longer than was necessary to administer the estate and distribute its assets pursuant to the terms of the will. That period expired long before petitioner’s claims originated. An executor who operates a business without authority becomes personally liable for obligations incurred while doing so, exonerating the estate (Matter of Wolf, 87 N. Y. S. 2d 327, and cases cited; cf. Matter of Kitzes, 109 N. Y. S. 2d 673; Matter of Crowley, 167 Misc. 840). The court must therefore rule that petitioner is not a creditor of, or a person interested in the estate within the meaning of section 259 of the Surrogate’s Court Act, and is not entitled to an accounting by respondent as executor, and for that reason disaffirms the report of the Referee.
Petitioner’s application to compel an accounting by the executor is denied without prejudice to the enforcement of his rights in an appropriate forum.