John D. Bennett, S.
Under the terms of the decedent’s- will, she provided that a portion of her estate he held in trust for the benefit of her grandson, H. Bidgely Bullock, Jr. The aforesaid beneficiary was to receive one third of the corpus upon reaching the age 25, one half of the balance upon attaining the age 30, and the remainder at age 35.
The aforesaid beneficiary attained age 30 on June 16, 1964. A dispute arose concerning who was entitled to the distribution due to the fact that the aforesaid beneficiary allegedly made a series of assignments of his interest in the within estate and judgment creditors have also claimed that they are entitled to same. The successor trustees have petitioned the court that they be permitted to pay into court that portion of the trust to be paid to the beneficiary that was due upon his attaining age 30, together with the interest that has accumulated on said amount from that time to date. Several of the assignees have cross-petitioned requesting that the court direct the successor trustees to pay over the moneys due to them.
The amount to be distributed is less than the total amount of .the assignments and judgments. However, the assignees have entered into a stipulation whereby they agreed as to which of the assignees have priority over the others. The court will concern itself only with the assignments allegedly made by the beneficiary to one Samuel B. Weiss and Citizens and Southern Bank because the amount to be distributed would be exhausted before the other assignments could be considered if these two assignments are upheld.
It is alleged that on June 16, 1960 the aforesaid trust beneficiary assigned to one Samuel B. Weiss a $25,000 interest in the principal fund of the within trust. The said assignment has been filed with the Clerk of the court as well as a reassignment of same made by Weiss to Jay Trading Company and others.
On February 9, 1961 the trust beneficiary allegedly executed another assignment in the within estate to Citizens and Southern Bank to the extent of $200,000 and the aforesaid assignment has been duly filed with the court.
*819 . The respondent, Town & Country Enterprises, Inc., obtained a judgment against the trust beneficiary on April 3, 1964, and respondents Herbert Winawer and B. G. K. Associates obtained a judgment against the trust beneficiary on March 7, 1967 and it is alleged that the aforesaid judgments are not satisfied. It is the contention of the assignees that they are entitled to the portion of the corpus of the trust which was to be distributed to the trust beneficiary when he attained'his thirtieth birthday, together with any interest that has accrued on said fund since said date. The judgment creditors contend that they are entitled to the interest that has accrued since the aforementioned date as well as so much of the trust corpus necessary to satisfy their judgments.
As far as the judgment creditors are concerned, they obtained their judgments subsequent to the assignments made by the trust beneficiary and if said assignments are upheld their rights are inferior to those of the assignees. If the assignments are upheld, the trust beneficiary no longer had an interest in the corpus of the trust to be distributed upon his attaining the age of 30, nor to any income earned on said fund since his attaining age 30, and neither would his creditors (3 N. Y. Jur., Assignments, §§ 48, 59, 69; Matter of Auguste, 52 Misc 2d 157, affd. 27 A D 2d 539; Matter of Fromberg, 281 App. Div. 1). Therefore as to the creditors the objections to the cross petition for the payment by the successor trustees to the aforementioned assignees are without merit unless the court finds that the assignments are not valid.
The trust beneficiary has entered into a stipulation with Jay Trading Company whereby he withdraws any objections to the successor trustees ’ making payment to said assignee. However, in view of the fact that there are judgment creditors in the within proceedings objecting to the cross petition, the court must still consider whether or not the Jay Trading Company’s assignment is valid.
The two aforementioned assignments, together with others, were litigated in the Supreme Court, New York County, and both the trust beneficiary and the assignees moved for summary judgment. Summary judgment was granted on behalf of the assignees and the court found that the assignments were valid and enforcible. The decision of the Supreme Court (Bullock v. Becker, 52 Misc 2d 698) was affirmed in the Appellate Division, First Department (27 A D 2d 647), and leave to appeal to the Court of Appeals was denied (19 N Y 2d 581). The assignees contend that the validity of the assignments has already been *820 determined, in another forum and that the findings are binding due to res judicata and collateral estoppel. The trust beneficiary contends that he is raising new causes of action to the assignments and the prior determination dealt solely with whether or not the assignments were in fact a loan and the terms thereof usurious.
The afore-mentioned life beneficiary contends that one of the assignees, Aaron Kozak, exercised fraud and undue influence upon him in obtaining the first assignment which he claims had a bearing on the negotiation of the second assignment although he admits that he has no proof that the second assignee, Citizens and Southern Bank, in any way participated in any alleged fraud or undue influence. He contends that because of the trust he placed in Aaron Kozak he allowed him to negotiate on his behalf for the purpose of assigning an interest in the trust corpus. He contends that Aaron Kozak was in fact self-dealing in the negotiations in that Aaron Kozak was the real party in interest in the original Weiss assignments and that Weiss was a mere nominee.
The life beneficiary was aware prior to a determination of the afore-mentioned Supreme Court action that Aaron Kozak was the real owner of the Weiss assignments as evidenced from his amended complaint and he admits that he was aware of the allegations he raises in the within proceeding at the time that ■ the matter was being litigated in the Supreme Court action. However, he contends that as noted heretofore that the Supreme Court action dealt only with the issue of whether or not the assignments were in fact loans and therefore usurious.
Some of the essential elements that had to be considered in the prior cause of action was the intention of the parties and whether or not any fraud, coercion or other infirmity existed. The judgment in the Supreme Court action specifically provided that the assignments were valid and enforcible and in the decision of Judge ThjZer, the Judge found that there was no proof of coercion, fraud or other infirmity.
The court finds that the objections raised herein should have been the subject matter of the prior lawsuit and the life beneficiary is now barred by res judicata from raising any objections to the assignments and he is estopped from pleading the defenses and cross claims concerning the assignments herein due to the fact that if this court were to uphold his contentions, it would do violence to the prior judgment (Statter v. Statter, 2 N Y 2d 668; Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304; Reich v. Cochran, 151 N. Y. 122; Pray v. Hegeman, 98 N. Y. 351. *821 Perry v. Dickerson, 85 N. Y. 345; Beneduce v. Beneduce, 18 A D 2d 1; Santos v. Santos, 19 A D 2d 838; 5 Weinstein-Korn-Miller, N. Y. Civ Prac., pars. 5011.14, 5011.27).
Accordingly the court finds that the two afore-mentioned assignments are valid and enforcible and directs the successor trustees to distribute the portion of the trust corpus that was to be distributed to the life beneficiary upon his reaching the age 30, together with any income that has accumulated since said date, to the said assignees after deducting proper administration expenses. The aforesaid income is to be distributed proportionately to the assignees. If payment is made in kind, the value of the securities will be based on market value as of the date of distribution. Citizens and Southern Bank will have to await the termination of the trust for any balance due it after the within distribution. Citizens and Southern Bank’s claim for interest and legal fees as allegedly provided for in its assignment will not be decided by this court at this time since the funds to be paid at this time will be exhausted in paying a portion of its assignment.
The life beneficiary also requests additional relief against the aforesaid Aaron Kozak as set forth in his cross claims numbered 1 to 4. Except for the court finding that the prior judgment is binding and therefore the assignments before the court are valid, this court will make no further determination as to the allegations made in the said cross complaint as it is not the proper subject matter to be determined in the Surrogate’s Court. This court must decide matters necessary for a full equitable and complete disposition of the trust corpus to be distributed (SCPA 201, formerly Surrogate’s Ct. Act, § 40; Matter of Trevor, 309 N. Y. 389; Matter of Thomas, 235 App. Div. 450; Schoelles v. Zausmer, 2 A D 2d 979; Matter of Simonson, 271 App. Div. 420; Matter of Buck, 203 Misc. 1046; 1 Warren’s Heaton Surrogates’ Courts [6th ed.], § 35). The court has already disposed of the trust corpus and any other matters should not be litigated in this forum.
In view of the foregoing, as far as the within estate is concerned the motion of Aaron Kozak to vacate the notice to take the depositions of Aaron Kozak and his attorney is therefore granted.
The findings herein are not to be construed as to making any determination as to anyone’s rights to the distribution to be made when the cestui que trust attains age 35.
Settle decree on five days’ notice, with three additional days if service is made by mail.